FILED
 2014 Sep-22  PM 04:01
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **BRYCE DENTON GLASS,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | Civil Action No. 1:13-CV-1941-CLS |
| ) | |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER OF REMAND**

Claimant, Bryce Denton Glass, commenced this action on October 21, 2013, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits.  For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case is due to be remanded to the Commissioner for further proceedings.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly evaluated his subjective complaints of pain and his credibility, failed to adequately develop the administrative record, and improperly considered the medical opinions of record. Upon review of the record, the court concludes that remand is required for further consideration of one of the consultative physicians' opinions.

Social Security regulations provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

2

Dr. Anthony Fava conducted a consultative physical examination of claimant on September 1, 2009. Claimant complained of low back and hip pain, poor memory, neck and shoulder pain, hypertension, and hypothyroidism. Upon physical examination, the range of motion in claimant's neck was slightly limited. Claimant had normal findings, including range of motion, in his upper extremities. His lower extremities and back also were normal, except for some decreased range of motion in the hips and dorsolumbar spine. Claimant could get on and off the exam table easily, was able to squat and rise, and was able to heel and toe walk. He ambulated slowly, but without the use of a cane, and without any ataxia or spacticity. The neurological findings were as follows:

> major muscle groups measure 5/5 bilaterally; sensory – normal to pin prick and vibration; reflexes are 3/4 bilaterally; Grip 5/5; Romberg is negative; seated leg raising test is positive on the right at 60 degrees, and 40 degrees on the left; there is no evidence of atrophy; fine and gross manipulation are intact.[1]

Dr. Fava assessed claimant with mild retardation; chronic low back pain, secondary to degenerative disc disease; left hip pain, probably due to arthritis; hypertension; and hypothyroidism. He stated that claimant was "able to perform the following work related activities: sitting, standing, walking for less than 15 minutes; lifting, carrying, and handling objects weighting [*sic*] *less than 5 lbs*, hearing and speaking; is unable

---

[1] Tr. 250.

to travel."[2]

The ALJ stated that he was assigning Dr. Fava's opinion great weight,[3] but, as claimant points out, that conclusion is inconsistent with the ALJ's ultimate finding that claimant retained the residual functional capacity to perform a limited range of *light* work. Social Security regulations define "light" work as follows:

> Light work involves lifting *no more than 20 pounds at a time* with frequent lifting or carrying of objects weighing *up to 10 pounds*. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (emphasis supplied). Sedentary work, in contrast,

> involves lifting *no more than 10 pounds at a time* and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a) (emphasis supplied). Thus, if claimant were able to lift, carry, and handle objects weighing only five pounds or less, he would be limited to performing sedentary work, and would not be able to perform light work. Further,

---

[2] Tr. 251 (alteration and emphasis supplied).
[3] Tr. 21.

and importantly, as an individual "closely approaching advanced age," with a high school education that does not provide for direct entry into skilled work, and with an unskilled work history, claimant would be disabled under Medical-Vocational Rule 201.12 if he were capable of only sedentary work. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.12.[4]

The Commissioner acknowledges this inconsistency in her brief.[5] Even so, she urges the court to ignore the inconsistency because Dr. Fava's opinion was only one piece of evidence the ALJ used in determining claimant's residual functional capacity.[6] The court does not agree. The ALJ's opinion is internally inconsistent, and without some clarification, the court cannot determine whether the opinion was supported by substantial evidence. Remand is warranted for the ALJ to give further consideration to Dr. Fava's opinion, as well as the remainder of the medical evidence, and to enter a revised administrative decision further explaining the weight assigned to the opinions of all the medical providers of record.

---

[4] Claimant was 53 years old on the date of the ALJ's decision and was therefore an "individual approaching advanced age." Tr. 22, 24, 123; 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201(g). It appears undisputed that claimant had a high school education and a history of unskilled work. *See* Tr. 163-64.

[5] *See* doc. no. 12 (Commissioner's brief), at 12 ("Dr. Fava's opinion appears to be more restrictive than the ALJ's RFC finding.").

[6] *See id.* at 12 ("However, Dr. Fava's opinion does not take away from the ALJ's overall credibility assessment."), 13 ("Although the Dr. Fava's opinion is more restrictive than the ALJ's RFC finding, the ALJ considered several factors, not only Dr. Fava's opinion, in discounting Plaintiff's credibility.").

Based on the foregoing, the decision of the Commissioner is REVERSED, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk of Court is directed to close this file.

DONE this 22nd day of September, 2014.

_____
United States District Judge